■ JOSEPH S. PAGAN, as Administrator of the Estate of NADIA PAGAN, Deceased, Respondent, v PRAMILA TIWARI, Appellant, et al., Defendant. [680 NYS2d 524] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 29, 1997, which, in an action for medical malpractice, denied defendant-appellant regular doctor's motion for summary judgment dismissing the complaint as against her, unanimously modified, on the law, to dismiss so much of the complaint as seeks to hold appellant vicariously liable for the malpractice of codefendant covering doctor, and otherwise affirmed, without costs.

Appellant cannot be held vicariously liable for the malpractice committed by the codefendant, who, in covering appellant's radiology practice while appellant was on vacation, read the films of the deceased's 1991 mammogram, there being no evi-

dence tending to show that appellant had any control over the codefendant or that the two acted jointly in the reading of the mammogram (*see, Kavanaugh v Nussbaum*, 71 NY2d 535). It does not avail plaintiff that when she went to appellant's office and had the mammogram taken by a technician, she was not told of the covering arrangement and did not know that the co-defendant would be responsible for reading the mammogram and writing the report (*see, supra*, at 546, 549, n 5). However, there are issues of fact as to whether appellant herself committed malpractice in reading the deceased's 1990 mammogram and whether such malpractice was a substantial factor in the growth of the decedent's cancer. Concur—Rosenberger, J. P., Ellerin, Williams and Andrias, JJ.